IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANE HILLIARD,

      Plaintiff,                              No. CIV S-07-1759 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                          ORDER

_____/

        Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1), is pending before the court. Plaintiff seeks fees based on 58 hours at the rate of $176.00 per hour for attorney time for a total amount of $10,208.00. Defendant contends fees under the EAJA should not be awarded because the government's position was substantially justified. In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable. Defendant further argues that any award should be made payable to plaintiff, not her counsel.

        A.  Substantial Justification

        The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under

1

sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. Shalala v. Schaefer, 509 U.S. 292 (1993). In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment. See Order filed March 26, 2009 (docket no. 20). Plaintiff thus is entitled to an award of fees under the EAJA. The court must allow the fee award unless it finds that the position of the United States was substantially justified. Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

As noted, defendant contends the government's position was substantially justified. In support of this contention, defendant relies on Hoopai v. Astrue, 499 F.3d 1071 (9th

1  Cir. 2007), for the proposition that the ALJ may rely on the grids despite plaintiff having some
2  mental impairments.  The court notes, first, that the Hoopai case was not even cited by defendant
3  in its opposition brief to the motion for summary judgment as justification for the
4  Commissioner's position.  Moreover, in remanding this case, the court found that despite relying
5  on the opinions of certain physicians, the ALJ, without explanation, disregarded certain
6  limitations assessed by those physicians when formulating the residual functional capacity.
7  Thus, the Hoopai case is inapposite.  In addition, neither the ALJ, nor defendant in its opposition,
8  relied on the vocational worksheet defendant now contends provides substantial justification for
9  the Commissioner's position.  Although defendant is correct that the government can lose on the
10 merits and its position still be substantially justified for purposes of EAJA, defendant's argument
11 in this instance is unavailing.  In reviewing the transcript, briefing on the cross-motions for
12 summary judgment and order granting remand in this case, the court has determined defendant's
13 position had no reasonable basis in either law or fact.  The government's position thus was not
14 substantially justified and fees under the EAJA therefore will be awarded.

15           B.  Reasonable Fee

16 Defendant also contests the number of hours claimed by plaintiff's attorney.  The
17 EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the
18 court considers the hours expended, the reasonable hourly rate, and the results obtained.  See
19 Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983);
20 Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Defendant contends that the hours expended by
21 plaintiff's counsel are unreasonable.  Specifically, defendant argues that 35 hours for preparing a
22 motion for summary judgment and twelve hours for preparing the fee petition is excessive.
23 In reviewing the transcript, briefing on the cross-motions for summary judgment
24 and order granting remand in this case, and the time expended on tasks as set forth in plaintiff's
25 schedule of hours, the court has determined the hours claimed are reasonable for preparation of
26 the motion for summary judgment.  The court notes counsel did not represent plaintiff at the

administrative level and had to become familiar with the case, which included a 367 page administrative transcript presenting several issues of mental impairment.  The court has scrutinized closely the hours claimed by counsel and finds no reason to believe they are inflated. With respect to the 12 hours claimed for preparation of the application for EAJA fees, the court finds these hours to be inflated.  Six hours are reasonable and will be allowed.  EAJA fees therefore will be awarded for a total of 52 hours at the $176.00 hourly rate requested by counsel.

C.  Payment to Plaintiff

Defendant contends any award of fees should be made payable to plaintiff, and not her attorney.  Defendant concedes that if there is a valid assignment, he will waive the statutory requirements of the Anti-Assignment Act, 31 U.S.C. § 3727.  In the reply, plaintiff does not contend there has been a valid assignment and submits no evidence of assignment.  In the absence of an assignment, the court concludes that the plain language of the statute requires that the fee award must be paid to plaintiff.[1]  This conclusion is only buttressed by the fact that legislation has been introduced to amend the statute to make fee awards payable to plaintiff's counsel.  See Pl.'s Reply, Ex. 1.

Accordingly,  IT IS HEREBY ORDERED that fees pursuant to the EAJA are awarded to plaintiff in the amount of $9,152.00.

DATED: September 25, 2009.

_____
U.S. MAGISTRATE JUDGE

006 hilliard.fee

---

[1] The Ninth Circuit has not yet ruled on this issue.  The majority of circuits hold that payment must be to plaintiff; only one circuit holds otherwise.  Ratliff v. Astrue, 540 F.3d 800, 801-02 (8th Cir. 2008), petition for cert. filed, 77 U.S.L.W. 3619 (U.S. Apr. 28, 2009) (No. 08-1322).

4